# United States District Court
### Eastern District of Texas
### Sherman Division

| | | |
|---|---|---|
| KELLY GRIMSLEY <br> REAL ESTATE LIMITED <br> <br> v. <br> <br> TIMOTHY D. MCMAHON, <br> STEPHEN BOUDREAU, and DUVAL <br> GENERAL CONTRACTORS LLC | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO: 4:16-CV-806 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Opposed Motion and Memorandum for Remand and Abstention (Dkt. #7). The Court, having considered the relevant proceedings, finds the motion should be denied.

## BACKGROUND

Kelly Grimsley Real Estate Limited ("Plaintiff") entered into a contract with Preston General Contractors LLC ("Preston") to construct an automobile dealership for Plaintiff in San Angelo, Texas. On August 9, 2015, Plaintiff alleges Preston breached its contract. On June 15, 2016, Plaintiff obtained a judgment against Preston in the 119th Judicial District Court in Tom Green County, Texas. The judgment ordered Plaintiff to recover nearly one million dollars in damages and fees from Preston. On July 25, 2016, Preston filed for Chapter 7 bankruptcy protection and gave notice of its filing to Plaintiff the same day, noting that all collection efforts are stayed pursuant to 28 U.S.C. § 362. Plaintiff's attorneys in this action have made appearances in the bankruptcy case.

On September 21, 2016, Plaintiff filed the underlying action in Collin County state district court seeking payment under an alter ego theory of liability. Plaintiff named Timothy D.

McMahon, Stephen Boudreau, and Duval General Contractors LLC ("Defendants") in the suit, asking the court to hold Defendants liable for the judgment previously obtained by Plaintiff against non-party defendant Preston. On October 21, 2016, Defendants removed the underlying action to this Court pursuant to 28 U.S.C. § 1334. On November 4, 2016, Plaintiff filed this Opposed Motion and Memorandum for Remand and Abstention (Dkt. #7). On November 18, 2016, Defendants filed its response (Dkt. #8).

## JURISDICTION

Authority for removal to federal court in this case resides under 28 U.S.C. § 1452(a), which provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title.

Title 28 U.S.C. § 1334 determines bankruptcy jurisdiction and provides:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

This case will fall under § 1334 if it is one of the following: (1) a "case under title 11"; (2) a proceeding "arising under" title 11; (3) a proceeding "arising in" a case under title 11; or (4) a proceeding "related to" a case under title 11. *See Thomas v. R.J. Reynolds Tobacco Co.,* 259 B.R. 571, 575 (S.D. Miss. 2001). To determine bankruptcy jurisdiction, it is unnecessary to distinguish between the categories; it is only necessary to determine whether a matter is at least "related to" the bankruptcy. *See Id.* (citing *In re Wood,* 825 F.2d 90, 93 (5th Cir. 1987)).

A proceeding is "related to" a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and if the outcome of that proceeding could have an impact on the estate being administered in bankruptcy. *Id.* Further, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and which in any way impacts upon the handling of the bankrupt estate." *Id.* (citing *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir. 1988)).

The Court finds this action is at least "related to" the bankruptcy case because any result may have the effect of either reducing or enlarging the property of the bankruptcy estate. Therefore, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1334.

## ANALYSIS

Plaintiff contends that this case involves a "non-core" proceeding from which mandatory abstention under 28 U.S.C. § 1334(c) applies. To determine whether a proceeding is a "core" or "non-core" proceeding, "the court must look to both the form and the substance of the proceeding." *Matter of Wood,* 825 F.2d 90, 97 (5th Cir. 1987). Generally, a core proceeding is one that "invokes a substantive right provided by title 11 or . . . is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.* Actions that seek the recovery of property belonging to the estate are considered core bankruptcy proceedings. *See In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (holding claims for fraudulent transfer, constructive trust, and reverse-piercing of the corporate veil were core proceedings); *In the Matter of S.I. Acquisitions, Inc.*, 817 F.2d 1142, 1151–53 (5th Cir. 1987) (holding that a state court action premised on an alter ego remedy is a right belonging to the debtor and the controlling entity's assets are property of the estate). Actions against third-party defendants alleging they are responsible for the debtor's debts is automatically

stayed as to all parties involved. *See S.I. Acquisitions, Inc.*, 817 F.2d at 1151. Plaintiff is attempting to recover assets of the bankruptcy estate. Thus, the Court finds this action a "core" bankruptcy proceeding that is not eligible for mandatory abstention.[1]

Plaintiff contends, in the alternative, that the Court should permissibly abstain under 28 U.S.C. § 1334(c)(1) in the interest of justice. In evaluating permissive abstention, courts have developed a non-exclusive list of factors to be considered. These include:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001). The Court finds the majority of the factors weigh against abstention.

---

[1] Defendants also contend that because Plaintiff waited until *after* Preston filed for bankruptcy to recover assets belonging to Preston's bankruptcy estate, mandatory abstention is not permissible. Defendants rely on cases holding that mandatory abstention under 28 U.S.C. § 1334(c) "requires that a state court action be commenced prior to the bankruptcy proceedings." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014); *In re Longview Power, LLC*, 516 B.R. 282, 295 (Bankr. D. Del. 2014) ("The majority of courts have found that a state court proceeding must be pending prior to the commencement of the bankruptcy in order to warrant abstention.") (internal citations omitted). While the Court finds this argument persuasive, it need not adopt this reasoning because it has determined that mandatory abstention is inapplicable.

Factors 1, 2, 3, 4, 6, 7, 8, 10, and 14 weigh strongly in favor of maintaining federal jurisdiction. The first factor weighs against abstention because Plaintiff is seeking a remedy to recover assets that belong to the bankruptcy estate. If this Court were to abstain, creditors would be able to assert their claims in state court and negatively impact the efficient administration of the estate. The second factor weighs against abstention because Plaintiff's sole claim is a recovery action against a bankrupt entity under an alter ego theory. The third factor weighs against abstention because a recovery action based on alter ego is not an unsettled or difficult state law issue. The fourth factor similarly weighs against abstention because there are no underlying state claims. Under Texas law, alter ego is "not a separate cause of action but a remedy to enforce a substantive right." *U.S. Bank Nat. Ass'n v. Verizon Communications, Inc.*, 761 F.3d 409, 442 (5th Cir. 2014). Since there is no independent cause of action, factor eight weighs against abstention as well. Plaintiff's only remedy sought is directly related to its status as a judgment creditor, which weighs against factor six. The seventh factor also weighs against abstention, as the Court has identified the claim as a core proceeding. The tenth and fourteenth factors weigh against abstention because Plaintiff is seeking its own remedy outside the bankruptcy proceeding, which amounts to forum shopping and is prejudicial to other creditors. The Court finds the remaining factors either neutral, inapplicable, or in favor of abstention, but the clear majority of factors weighing against abstention directs this court to exercise its jurisdiction.

## CONCLUSION

The Court finds mandatory abstention inapplicable because Plaintiff's claim involves a core bankruptcy proceeding. Plaintiff is attempting to avoid the automatic stay by using an alter ego theory of liability to collect on a judgment against a debtor who has Chapter 7 bankruptcy

protection. Further, the fourteen factor test for permissive abstention weighs in favor of the Court exercising its jurisdiction pursuant to 28 U.S.C. § 1334.

Accordingly, it is **ORDERED** that Plaintiff's Opposed Motion and Memorandum for Remand and Abstention (Dkt. #7) is hereby **DENIED**.

**SIGNED this 16th day of December, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE